Sanders, Janet L., J.
In this putative class action, plaintiff, a drawbridge operator, alleges that his employer failed to pay him and others similarly situated the prevailing wage set by the Department of Labor Standards (DLS). Defendants, CORA Operations, Inc. (CORA) and its president John V. Zirpolo, now move to dismiss the Complaint pursuant to Rule 12(b)(6), Mass.R.Civ.P. In support, they rely on an advisory letter issued by the DLS which expressly permits the wage that the defendants paid. Although the letter is not mentioned in the Complaint itself, this Court may take judicial notice of it and concludes that the Motion to Dismiss must be ALLOWED.
BACKGROUND
The Complaint sets forth the following, which this Court assumes as true for purposes of this motion. In 2012, CORA contracted with Massachusetts Department of Transportation (MassDOT) to perform work on the Fore River Bridge Construction Project (the Project) in Quincy and Weymouth. Plaintiff Paul Sullivan has been an employee of CORA since November 2012 and was to work as a “bridge tender” or drawbridge operator on the Project. Because the Project was a public construction project, wages for those working on it are set by the DLS. See G.L.c. 149, §§26-27H. Thus, when MassDOT submitted a Request for Proposal for the Project, it included awage rate sheet produced by DLS. That schedule did not give a job classification for drawbridge operators. Upon further inquiry, DLS advised MassDOT to inform bidders on the Project that they would be required to pay drawbridge operators at the lowest rate on the wage sheet, which was the rate set for “Tree Trimmer Groundman.” That rate was $19.47 an hour. When work began, CORA paid Sullivan $19.47 per hour.
On August 20, 2013, DLS issued a revised wage schedule that included a Drawbridge Operator Classification. The prevailing wage rate for that position was $74.55 per hour, $55 more an hour than the rate that had applied to that position. The DLS confirmed in an Advisory Letter dated December 20, 2013 (the 12/20/13 Letter) that CORA was required to pay the higher rate. See Exhibit A to Complaint. CORA complied and paid Sullivan the higher rate retroactive to the date upon which the contract was executed.
What is not mentioned in the Complaint is that the DLS issued a second Advisory Letter dated December 20, 2014 (the 12/20/14 Letter) which revisited this issue. The 12/20/14 Advisory Letter is attached to the defendants’ Memorandum and also appears on the DLS’s website. In this 12/20/14 Letter, the DLS concluded as follows:
Given the unusual increase in the prevailing wage for the Drawbridge Operator Classification, the impact on already awarded contracts, and the ‘understanding’ of the parties in the private construction industry, the DLS determines that the Drawbridge Operator classification on the prevailing rate sheet is only effective for public works bid after the date of this letter. For contracts awarded prior to this date, the bridge tender must be paid at the lowest rate on the applicable rate sheet.
(Emphasis added.) It is undisputed that the contract for the Project was executed on August 24, 2012, when the prevailing wage rate then in effect was the lower Tree Trimmer rate of $19.47 an hour. CORA reduced Sullivan’s rate in line with this decision. This lawsuit ensued.
DISCUSSION
The Complaint asserts two claims: a violation of the Massachusetts Prevailing Wage Statute, G.L.c. 147, §47 (Count One); and a claim in quantum meruit (Count Two). Defendants argue that the Complaint fails to state a claim upon which relief may be granted because defendants paid exactly the wage set by the DLS, which has exclusive authority to make prevailing wage and job classification determinations. G.L.c. 149, §26-27C. As to the common-law claim, defen *607 dants contend that this is preempted by the statute. This Court concludes that the defendants are correct on both counts and that the Complaint must be dismissed.
In opposition, the plaintiff maintains that this Court cannot rely on materials “extraneous” to the Complaint in ruling on a 12(b)(6) motion. This Court disagrees. The Complaint specifically relies on the DLS 12/13/13 Advisory Letter; to ignore the 12/20/14 Letter, which revisits the very issue dealt with by that earlier letter, would make no sense whatsoever. Moreover, a Court may take judicial notice of facts that cannot be reasonably disputed where they “can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.” Section 201, Massachusetts Guide to Evidence (2015). At the hearing on the instant motion, plaintiff conceded the authenticity of 12/20/14 Letter, which is posted on the DLS’s website, and does not contend that the letter was superseded by any later communications.
Alternatively, plaintiff argues that this Court should give no weight to the 12/20/14 Letter because it was advisory only, and further contends that the DLS acted unlawfully even if the letter were construed to be something more. There can be no question, however, that the DLS, through its Commissioner, has the exclusive authority to make prevailing wage and job classification determinations. This grant of authority is necessarily quite broad, since the legislature has charged the DLS with administering the comprehensive scheme set up by the Prevailing Wage Statute. Although wages are generally set by way of rate schedules provided for use on public works projects, the Commissioner “may revise such classification from time to time, as he may deem advisable.” G.L.c. 149, §27. This Court sees no reason why the DLS could not revisit a determination made in an earlier rate schedule through advisory letters of the sort at issue here. Even assuming that this is not the case, however, plaintiffs claim that DLS exceeded its statutory authority is one that should be directed at DLS, and that must work its way through the administrative process that the statute sets up for such complaints. It cannot be the basis for recovering from the defendants, who simply followed DLS’s directives.
As to Count II, that is based entirely on the statutory violation. Plaintiff was paid a wage for his work; his claim that he was not paid the “prevailing wage” depends on the Prevailing Wage Statute, without which he would have no claim at all. Where a statute creates new rights and obligations not previously existing in the common law, the express statutory remedy is the exclusive one. Compare Lipsitt v. Plaud, 466 Mass. 240, 248 (2013) (claim for nonpayment of wages does not depend on proving violation of Wage Act and is thus not preempted by the statute).
Accordingly, for all the foregoing reasons and for other reasons set forth in the defendants’ Memoranda in support of their motion, it is hereby ORDERED that the Complaint be DISMISSED.